EDWARD PEARCE *vs.* GEORGE L. COOKE *et al.* Administrators.

A copartnership composed of A. and B. was dissolved by the death of A. A.'s estate was represented insolvent by his administrators, and was insufficient to pay his private debts. B. then-made a voluntary assignment of the firm property and of his own for the benefit of creditors.

A creditor of the firm obtained judgment against B., the surviving partner, took out execution, and had it returned *nulla bona.* He then presented his judgment to the commissioners on A.'s estate as a claim against it. They rejected the claim, whereupon the creditor brought an action for the amount against A.'s administrators under Gen. Stat. R. I. cap. 175, § 12.

*Held*, that the trusts of B.'s assignment being still unsettled the creditor was entitled to have his execution returned *nulla bona.*

*Held*, further, that under Gen. Stat. R. I. cap. 193, § 30, the creditor was entitled to prove his judgment against the estate of A.

*Held*, further, that under Gen. Stat. R. I. cap. 193, § 30, joint debts must be paid *pari passu* with separate debts by the representatives of the deceased joint debtor.

ASSUMPSIT brought under Gen. Stat. R. I. cap. 175, § 12.[1] On

---

[1] As follows: "Notwithstanding the report of the commissioners" (*on the estate of a decedent represented insolvent*), "any creditor whose claim is wholly or in part rejected may have the same determined at common law, in case he shall give notice thereof in writing in the office of the clerk of probate, within forty days, and bring and prosecute his action within sixty days, after such report shall be received."

demurrers to pleas and replication, jury trial being waived as to the questions of fact raised.

*January* 21, 1881. POTTER, J. The plaintiff is a creditor of the late firm of Albert Dailey & Company, which consisted of Albert Dailey and William B. Pearce, a son of the plaintiff. Albert Dailey died, and his estate was represented insolvent by his administrators, the defendants. The plaintiff obtained judgment against the surviving partner, and had the execution returned *nulla bona.* He then presented his claim to the commissioners on Dailey's estate, who rejected it, and he now sues the administrators. The pleas are :

1. That after Dailey's death the surviving partner assigned all the firm property to E. S. Jackson ; that a large property passed by the assignment, and the trusts thereof are not yet performed nor settled, and that there has been neither inventory nor account. To this plea the plaintiff demurs.

2. That the plaintiff's claim was a firm debt, and that said Dailey's estate is insufficient to pay his private debts. To this plea the plaintiff demurs.

3. That it was a firm debt, and said plaintiff has not resorted to nor exhausted the firm property before resorting to Dailey's separate property. To this plea the plaintiff replies that Pearce, the surviving partner, assigned all the firm property, and the officer therefore could not reach the property of the firm. To this replication the defendant demurs.

4. That the plaintiff did not pursue the surviving partner to final judgment and execution. On this the plaintiff joins issue.

5. That the firm never promised, &c. On this the plaintiff joins issue.

There are some settled principles of law and equity which, perhaps, had better be stated before we consider the effect of certain provisions of our own statutes.

On the death of a partner, the sole right of a creditor to sue at law is against the surviving partners. The debt ceases to be a debt recoverable against the deceased at law. While the partners are alive the debt is joint, but, on the decease of a partner, the debt is considered in equity as joint and several, and a bill in equity can be filed against the representatives of the deceased,

without waiting to collect the debt of the survivors, making, of course, the other partners, &c., parties; Story on Partnership, § 362; although some authorities say that he cannot proceed first against the estate of the deceased without showing some necessity for so doing. *Lawrence* v. *Trustees of the Leake & Watts Orphan House*, 2 Denio, 577, 589.

Such being the rules at law and in equity, what is the effect of Gen. Stat. R. I. cap. 193, § 30, which is as follows:

" The representatives of one jointly bound with another for the payment of any debt, or for performance or forbearance of any act, or for any other thing, and dying in the lifetime of the latter, may be charged by virtue of such obligation in the same manner as such representative might have been charged, if the obligors had been bound severally as well as jointly: *Provided*, that the plaintiff shall first pursue the surviving debtor to final judgment and execution."

The obvious effect of this seems to be to make the estate of the deceased partner liable at law in the first instance in the same manner as it would be in equity.

When the statute uses the words " the representatives . . . may be charged," it must be construed to mean that the estate of the deceased in the hands of the representatives is to be charged. The statute makes the debt the several debt of each party. The remedy of the representatives of the deceased against the surviving partner it is not necessary now to consider.

But it is contended that if the estate of the deceased partner is to be liable for the partnership debts in the first instance, it is only to be liable after the separate debts have been paid.

The statute has made the estate of the deceased liable at law in the first instance, as it would be in equity. Did it intend to do anything more?

It seems to be settled as a general rule in bankruptcy and in equity that where there are joint funds they shall be first applied to the partnership debts, and that only the surplus shall be liable for the separate debts of a partner; while upon the question whether when there is both joint and separate property, the separate property of a partner shall be first applied to his separate debts, see Story on Partnership, § 363; Collyer on Partnership,

§ 920; 3 Kent Comment. *64, *65; 1 Story Eq. Juris. § 675; *Wilder* v. *Keeler*, 3 Paige, 164, 172; *Egberts* v. *Wood*, 3 Paige, 517, 527; *Tucker* v. *Oxley*, 5 Cranch, 34; *Gray* v. *Chiswell*, 9 Ves. Jun. 118, 124; *Ex parte Kendall*, 17 Ves. Jun. 514; *Cowell* v. *Sikes*, 2 Russ. 191, 196; *Murray* v. *Murray*, 5 Johns. Ch. 60, 74; *Rodgers* v. *Meranda*, 7 Ohio St. 179; *Davis* v. *Howell*, 33 N. J. Eq. 72; 34 N. J. Eq. 292.

In the old Roman law if a man carried on two trades, the debts and affairs of the two concerns were kept separate. Story on Partnership, § 365. And as to the recognition of these doctrines by our own court, see the opinion of Ames, C. J., in *Tillinghast, Receiver,* v. *Champlin et al.* 4 R. I. 173, 189.

There have been some exceptions made to these general rules, growing out of particular circumstances, *e. g.* where there is no joint fund, no solvent partner, no separate debt. Collyer on Partnership, § 923; *Wilder* v. *Keeler*, 3 Paige, 164, 172; *Lawrence* v. *Trustees of the Leake & Watts Orphan House*, 2 Denio, 577.

And in bankruptcy, where there is no joint fund and no solvent partner, the weight of authority is that the partnership creditors are allowed to come in *pari passu* with the separate creditors. Story on Partnership, § 363; citing *Ex parte Kensington*, 14 Ves. Jun. 447; *Ex parte Sadler & Jackson*, 15 Ves. Jun. 52, and cases cited in 2 White & Tudor Lead. Cas. Eq. *391, *416, *424, &c.

Our statute applies to other joint obligors as well as to partners. But in cases of other joint obligors there are generally no joint funds.

The right to proceed immediately does not of necessity involve the right to come in *pari passu.* This in equity could make no difficulty, as all might be made parties and justice done to all in one suit.

Our statute making partnership debts joint and several on the decease of a partner has been in force since 1822. In 1836 the General Assembly gave the Supreme Court full equity jurisdiction in cases of partnership. This of course being subsequent in time would control prior acts, and chancery would enforce its own rules in such cases. In the Digest of 1844 both are retained as

well as the old provision as to suing at common law, the Supreme Court being then vested with full equity jurisdiction in all cases. And see Digest of 1872, pp. 387, 388; Gen. Stat. R. I. cap. 175. Did the legislature intend, by the incorporation of both provisions into the Digest, to take away any of the equity powers the court would otherwise have had ?

We have referred to several matters respecting the settlement of partnership debts in equity because they were referred to in argument.

From the facts of the present case it seems to come very near to some of those cases in which the courts in equity and bankruptcy allowed partnership debts to come in *pari passu* with debts of a deceased partner. There is here no solvent partner, and so far as appears no joint estate.

But after considering all these matters we feel bound to hold that the statute Gen. Stat. R. I. cap. 193, § 30, applies to the case, and under its provisions the joint debts should come in *pari passu* with the separate. As to the deceased partner, the statute in effect makes the firm debts his own debts just as if they were debts recoverable against his estate at law. If the separate creditors should lose in consequence, and the joint creditors should hereafter receive part of their debts from another source, it will be for counsel to consider whether the separate creditors, through the administrator, have any remedy.

We think the plaintiff had a right to return the execution as he did. The surviving partner had assigned his property, and had nothing but an equity to the surplus, if there should be any over the debts, and that could not be attached, *Smith* v. *Millett*, 11 R. I. 528, and the plaintiff was under no obligation to wait for the final settlement of that trust.

The judgment must, therefore, be for the plaintiff for the amount of his claim, to be added to the report of the commissioners according to the statute.

*James Tillinghast*, for plaintiff.

*Charles Hart*, for defendants.

NOTE. — The foregoing case was heard by POTTER and MATTESON, JJ., February 9, 1880.